1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    JOSE A. LOPEZ-RODRIGUEZ,                    No. 2:12-cv-0516-CMK-P

12              Petitioner,

13        vs.                                      ORDER

14    RALPH M. DIAZ,

15              Respondent.

16    _____/

17              Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18    habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to the written consent of all parties, this

19    case is before the undersigned as the presiding judge for all purposes, including entry of final

20    judgment.  See 28 U.S.C. § 636(c).  Pending before the court is Respondent's motion to dismiss

21    (Doc. 8), petitioner's opposition (Doc. 13), and respondent's reply (Doc. 16).  Petitioner has also

22    filed a motion for stay and abeyance (Doc. 18), to which respondent has filed an opposition (Doc.

23    19), and a motion to strike (Doc. 20).

24              Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

25    dismiss a petition if it "plainly appears from the petition and any attached exhibits that the

26    petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing

1

1  Section 2254 Cases.  The Ninth Circuit has allowed respondents to file a motion to dismiss in

2  lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being

3  in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th

4  Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state

5  remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural

6  grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp.

7  1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss

8  after the court orders a response, and the Court should use Rule 4 standards to review the motion.

9  See Hillery, 533 F. Supp. at 1194 & n.12.  The petitioner bears the burden of showing that he has

10  exhausted state remedies.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

11          Respondent brings this motion to dismiss Petitioner's habeas corpus petition as

12  filed beyond the one-year statute of limitations, pursuant to 28 U.S.C. § 2244(d), petitioner failed

13  to exhaust three of his claims, and one of petitioner's claims is not cognizable.  Petitioner asserts

14  that he is entitled equitable tolling based on a language barrier and lack of Spanish material in the

15  prison library.

16          Federal habeas corpus petitions must be filed within one year from the later of:

17  (1) the date the state court judgment became final; (2) the date on which an impediment to filing

18  created by state action is removed; (3) the date on which a constitutional right is newly-

19  recognized and made retroactive on collateral review; or (4) the date on which the factual

20  predicate of the claim could have been discovered through the exercise of due diligence.  See 28

21  U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court

22  judgment becomes final by the conclusion of direct review or expiration of the time to seek direct

23  review.  See 28 U.S.C. § 2244(d)(1).

24          Where a petition for review by the California Supreme Court is filed and no

25  petition for certiorari is filed in the United States Supreme Court, the one-year limitations period

26  begins running the day after expiration of the 90-day time within which to seek review by the

2

1   United States Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

2   Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year

3   limitations period begins to run the day after certiorari is denied or the Court issued a merits

4   decision.  See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  Where no petition for

5   review by the California Supreme Court is filed, the conviction becomes final 40 days following

6   the Court of Appeal's decision, and the limitations period begins running the following day.  See

7   Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the Court of Appeal, the

8   conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the

9   limitations period begins running the following day.  If the conviction became final before April

10  24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the

11  day after the effective date, or April 25, 1996.  See Miles v. Prunty, 187 F.3d 1104, 1105 (9th

12  Cir. 1999).

13          The limitations period is tolled, however, for the time a properly filed application

14  for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be

15  "properly filed," the application must be authorized by, and in compliance with, state law.  See

16  Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 552 U.S. 3 (2007); Pace v.

17  DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a

18  state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions

19  and the failure to comply with those time limits precludes a finding that the state petition is

20  properly filed).  A state court application for post-conviction relief is "pending"during all the

21  time the petitioner is attempting, through proper use of state court procedures, to present his

22  claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered

23  "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, 549

24  U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari

25  petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between

26  state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold,

1   536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as

2   untimely, the federal court must independently determine whether there was undue delay.  See id.

3   at 226-27.

4          There is no tolling for the interval of time between post-conviction applications

5   where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183

6   F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no

7   tolling for the period between different sets of post-conviction applications.  See Biggs v.

8   Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct

9   review and the filing of a state post-conviction application does not toll the limitations period.

10  See Nino, 1983 F.3d at 1006-07.

11         Here, petitioner is challenging his 2007 conviction.  In his petition, he states that

12  he was convicted on July 3, 2007, and was sentenced on July 27, 2007.  He filed a direct appeal,

13  and his conviction was affirmed on October 2, 2008.  He then sought review in the California

14  Supreme Court, who affirmed his conviction on December 23, 2008.  He indicates he filed a

15  second petition with the California Supreme Court, and a second decision was rendered October

16  12, 2011.  In addition, he states in his petition that he filed a post conviction petition with the

17  Sacramento County Superior Court, which was denied on September 28, 2011.

18         Respondent has addressed petitioner's post conviction petitions as well.

19  Respondent argues that following petitioner's direct appeals, he filed a petition for writ of habeas

20  corpus in the Sacramento County Superior Court on August 17, 2009, which was denied on

21  October 13, 2009.  Petitioner then filed a motion for reconsideration and post-conviction

22  discovery on March 1, 2011, which was denied on March 28, 2011.  A petition was then filed in

23  the California Court of Appeal on April 4, 2011, and denied April 14, 2011.  Finally a petition

24  was filed in the California Supreme Court on May 3, 2011, and denied on October 12, 2011.

25  Petitioner's federal habeas petition was then filed with this court on February 21, 2012 (with a

26  date of service of February 15, 2012).

1    Based on these filings, petitioner's conviction was final on December 23, 2008,

2  and the statute of limitations began to run on December 24, 2008.  The statute continued to run

3  until petitioner filed his habeas petition on August 17, 2009.  Thus, almost eight months had

4  elapsed before petitioner filed his first habeas petition.  The statute was then tolled during the

5  time the petition was pending in the state court, until the denial on October 13, 2009.  However,

6  the statute began to run again following that denial, because petitioner did not file anything else

7  for almost a year and a half.  Even giving petitioner the benefit of any possible doubt that a

8  petition for reconsideration and post-conviction discovery was sufficient to toll the statute, which

9  the undersigned finds would not be, the statute of limitations had run prior to the second petition

10  having been filed. Over a year between filings is  an unreasonable delay, for which the statute of

11  limitations is not tolled.  Thus, baring any applicable equitable tolling, the current petition is

12  untimely as it was filed beyond the one-year statute of limitations.

13    Because the statute of limitations under 28 U.S.C. § 2244(d) is not jurisdictional,

14  it is subject to traditional equitable tolling principles.  See Calderon v. United States Dist. Ct.

15  (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v.

16  United States Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).   To be entitled to

17  equitable tolling, the petitioner must demonstrate that: (1) he has been diligent in pursuing his

18  rights; and (2) extraordinary circumstances prevented him from filing on time.  See Pace v.

19  DiGuglielmo, 544 U.S. 408 (2005).

20    In Pace, the Supreme Court held that equitable tolling was not applicable because

21  "petitioner's lack of diligence precludes equity's operation." 544 U.S. at 419.  In Beeler, the

22  district court granted equitable tolling and the respondent sought a writ of mandamus to reverse

23  the district court's order.  See 128 F.3d at 1288.  In denying the respondent's mandamus petition,

24  the Ninth Circuit addressed the district court's decision to grant equitable tolling as follows:

25          Having decided that [the statute of limitations] can be tolled, we
      have no basis for upsetting the district court's decision to allow Beeler
26      more time to file his petition. The district court found that Beeler's lead

1    counsel, Scott Braden, had diligently pursued the preparation of Beeler's
     petition.  Braden, however, withdrew after accepting employment in
2    another state, and much of the work product he left behind was not usable
     by replacement counsel – a turn of events over which Beeler had no
3    control.  There were thus "extraordinary circumstances" which justified
     tolling [the] statute of limitations.
4    Id. at 1289.

5          In Kelly, the Ninth Circuit again denied mandamus relief and held that equitable

6    tolling was appropriate because:

7          [A]s part of its order that Kelly be mentally evaluated, the district
           court ordered "that all other aspects of this case be, and hereby are, stayed
8          pending final determination by this Court of the Petitioner's mental
           capacity to proceed."  The only reasonable reading of this order was that it
9          prohibited Kelly's attorney's from filing a habeas petition, which is how
           the district court itself construed it. . . .   This stay of the proceedings
10         prevented Kelly's counsel from filing a habeas petition and, in itself,
           justifies equitable tolling.
11   163 F.3d at 541.

12         In addition, the egregious misconduct of counsel may warrant equitable tolling.

13   See Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003).   The Ninth Circuit has concluded, however,

14   that equitable tolling is not appropriate based on the ordinary negligence of counsel.  See Frye v.

15   Hickman, 273 F.3d 1144 (9th Cir. 2001).  Mental incompetence may also warrant equitable

16   tolling for the period the prisoner was incompetent if he can show that the incompetency in fact

17   caused the delay.  See Laws v. Lamarque, 351 F.3d 919 (9th Cir. 2003).

18         Here, petitioner argues he is entitled to equitable tolling due to his lack of access

19   to Spanish legal materials or translator, and his language barrier.  He argues the only way he was

20   able to file his habeas petitions was with the assistance of other inmates, because he is

21   "monolingual" and there were no Spanish legal materials in then prison law library nor a bi-

22   lingual clerk to assist him.  He argues he "exercised Due Diligence in his [attempt] to exhaust

23   and comply with 2254 requirements. But was unable too."  (Opp., Doc. 13, at 3).  He does not,

24   however, explain to the court what actions he actually took which could be considered due

25   diligence.  Such conclusory statements are insufficient.  As respondent argues, petitioner did not

26   provide the court with any 602 inmate appeals that he filed in order to obtain any necessary

1   Spanish materials.  Nor does he explain the inconsistency in his statements at trial that he did not

2   require a translator, even though he now claims he is "monolingual."  He fails to explain how he

3   attempted to comply with the deadlines, including what steps he did take to comply such as filing

4   a request for assistance or legal materials with the prison.  Thus, petitioner's argument that is

5   entitled to equitable tolling is unsupported.

6           Petitioner also fails to address the other contentions in respondent's motion to

7   dismiss, including the failure to exhaust several of his claims in state court, and the non-

8   cognizability of one of his claims.  Petitioner did file a motion to stay these proceedings in order

9   to allow him time to return to state court to exhaust those claims.  Thus, it appears he concedes

10  that those claims are in fact unexhausted.

11          Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required

12  before claims can be granted by the federal court in a habeas corpus case.  See Rose v. Lundy,

13  455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v.

14  Pliler, 336 F.3d 839 (9th Cir. 2003).  Claims may be denied on the merits notwithstanding lack of

15  exhaustion.  See 28 U.S.C. § 2254(b)(2).   "A petitioner may satisfy the exhaustion requirement

16  in two ways:  (1) by providing the highest state court with an opportunity to rule on the merits of

17  the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal

18  court no state remedies are available to the petitioner and the petitioner has not deliberately

19  by-passed the state remedies."  Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations

20  omitted).  The exhaustion doctrine is based on a policy of federal and state comity, designed to

21  give state courts the initial opportunity to correct alleged constitutional deprivations.  See Picard

22  v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

23          Thus, as petitioner concedes several of his claims are unexhausted, his petition

24  should be dismissed.  However, to the extent petitioner is requesting a stay of these proceedings

25  in order to exhaust his state remedies, such a request is irrelevant given the running of the statute

26  of limitations.  Even if this court were to find a stay of these proceedings proper to allow

1  petitioner a chance to exhaust his state remedies, upon his return to this court, his claim would

2  still be untimely.  Therefore, any such request is moot.

3          Based on the foregoing, the undersigned finds the petitioner's federal habeas

4  petition was filed beyond the statute of limitations, and is untimely.  Petitioner is not entitled

5  equitable tolling based on the lack of Spanish legal materials and assistance.  All other motions

6  are moot.

7          Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the

8  court has considered whether to issue a certificate of appealability.  Before petitioner can appeal

9  this decision, a certificate of appealability must issue.  See 28 U.S.C. § 2253(c); Fed. R. App. P.

10  22(b).  Where the petition is denied on the merits, a certificate of appealability may issue under

11  28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

12  constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of

13  appealability indicating which issues satisfy the required showing or must state the reasons why

14  such a certificate should not issue.  See Fed. R. App. P. 22(b).  Where the petition is dismissed

15  on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1)

16  'that jurists of reason would find it debatable whether the district court was correct in its

17  procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition

18  states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775,

19  780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 1604 (2000)).

20  Here, the petitioner is being dismissed on procedural grounds.  The court finds that petitioner has

21  not satisfied the first requirement for issuance of a certificate of appealability in this case.

22  Specifically, there is no showing that jurists of reason would find it debatable whether

23  petitioner's petition was timely.

24          Accordingly, IT IS HEREBY ORDERED that:

25        1.      Respondent's motion to dismiss (Doc. 8) is granted;

26        2.      Petitioner's petition is dismissed as untimely;

3.      All other motions are denied as moot;

4.      No certificate of appealability shall issue in this case; and

5.      The Clerk of the Court is directed to enter judgment and close this case.


DATED:  March 29, 2013


_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE